HALL, RESPONDENT, *v.* ADVANCE-RUMELY THRESHER CO., APPELLANT.

(No. 4,986.)

(Submitted January 2, 1923.  Decided January 24, 1923.)

[212 Pac. 290.]

*Contracts—Sales—Failure to Make Prompt Delivery—Measure of Damages—Loss of Profits—Proximate Cause—Evidence—Complaint—Insufficiency—Trial—Nonsuit.*

Trial—Complaint—Insufficiency—Objection to Introduction of Testimony —In Effect General Demurrer.
   1.  An objection to the introduction of testimony on the ground that the complaint does not state facts sufficient to constitute a cause of action raises only such questions as arise upon a general demurrer, and if sufficient is stated to entitle plaintiff to at least nominal damages the objection should be overruled.

Sales—Failure to Make Prompt Delivery—Loss of Profits—Complaint— Insufficiency.
   2.  Complaint seeking to recover special damages for the loss of profits which might have been realized from a contract of sale of farm machinery but for the failure of defendant to make prompt delivery, *held* insufficient in the absence of an allegation that defendant knew of the existence of a contract to plow lands from which plaintiff claimed he could have made the profits sought to be recovered.

Same—Nominal Damages Recoverable—Nonsuit Improper.
   3.  A nonsuit is properly denied in an action for breach of contract where sufficient evidence is before the court disclosing a liability on the part of the defendant for at least nominal damages.

Same—Verdict Based upon Speculation and Conjecture not Sustainable.
   4.  A verdict for damages flowing from a breach of contract based upon evidence which leaves the facts necessary to be shown to warrant recovery to conjecture and speculation cannot be sustained.

**Same—Delay in Shipment—Nonliability of Seller—When Provision of Contract not Controlling.**

5. The provision in a contract for the sale of farm machinery that the vendor assumes no liability for nonshipment or delay in shipment or transportation does not remove liability where delay in delivery was caused by the failure to attach the bill of lading to the sight draft, and shipping to a point other than that designated in the contract, and from there reshipping to the buyer.

**Same—Failure to Make Prompt Delivery—Measure of Damages.**

6. The measure of damages in an action for damages for failure of seller to promptly deliver equipment for a plow, resulting in loss by buyer in preventing performance of a plowing contract, is that specified in Revised Codes of 1921, section 8667, as an obligation arising from contract, and not that provided in section 8686 as damages arising *ex delicto.*

**Same—Loss of Profits—Proximate Causes—Evidence—Insufficiency.**

7. In the absence of a showing by plaintiff that if the machinery sold to him by defendant had arrived in time he could have completed a plowing contract for the loss of profits flowing from which he sought to recover, evidence *held* insufficient to disclose that failure to make prompt delivery was the proximate cause of plaintiff's loss.

**Same—Parol Testimony—Varying Writing.**

8. Parol testimony of statements made by the buyer of farm machinery to defendant company's agent when the sale was made, as to the use plaintiff intended to make of the equipment, *held* not open to the objection that it had the effect of varying the writing.

**Same—Seller Estopped to Deny Agency, When.**

9. Where one taking an order for a plow equipment used a blank form of defendant company, which was accepted by it, shipment made thereunder and payment received, the company could not successfully deny that the one taking the order was its agent.

**Same—Recovery of Damages—Erroneous Instruction.**

10. An instruction in effect telling the jury that if they were satisfied that by reason of defendant's negligent failure to make prompt delivery of the farm machinery bought by plaintiff he was prevented from carrying out a plowing contract, they should find in his favor was prejudicially erroneous as authorizing a favorable verdict without taking into consideration other facts appearing in the case.

**Same—Minimizing Damages—Inapplicability of Instruction.**

11. Where the sole question before the court was whether plaintiff's loss of profit from a plowing contract was caused by defendant company's negligence in failing to make prompt delivery of machinery, an instruction that it was plaintiff's duty to minimize the damages suffered was properly refused.

*Appeals from District Court, Phillips County; H. C. Hall, Judge.*

ACTION by George W. Hall against the Advance-Rumely Thresher Company. From a judgment for plaintiff and from

---

6. Measure of damages for delay in delivery of goods sold, see note in 21 **Ann. Cas.** 607.

an order denying a motion for new trial, defendant appeals. Reversed and remanded, with directions.

*Mr. M. J. Lamb* and *Messrs. Tressler & Kirton,* for Appellant, submitted a brief; *Mr. Lamb* argued the cause orally.

Damages for loss of profits to be realized from a collateral contract do not arise naturally or proximately from a breach of the contract on which the action is brought unless at the time of entering into the original contract the defendant had at least some knowledge of the existence of the collateral contract, and many authorities hold that in addition to mere knowledge thereof the defendant must have either expressly or impliedly undertaken to assume the particular risks. (8 Am. & Eng. Ency. of Law, 2d ed., 588–593; *Pickering Mfg. Co.* v. *Gordon* (Tex. Civ. App.), 168 S. W. 14; *Stebbins* v. *Selig,* 257 Fed. 230; *Combs* v. *Frick Co.,* 162 Ky. 42, 171 S. W. 999; *Globe Refining Co.* v. *Landa etc. Co.,* 190 U. S. 540, 47 L. Ed. 1171, 23 Sup. Ct. Rep. 756 [see, also, Rose's U. S. Notes]; *Fairbanks-Morse & Co.* v. *Hooper,* 147 Ky. 154, 143 S. W. 1025; *Hochberg Co.* v. *F. & P. Auto Co.,* 158 N. Y. Supp. 879, 892; *Hammond* v. *Sandwich Mfg. Co.,* 146 Wis. 485, 131 N. W. 1097.)

Plaintiff is not entitled to recover any damages under the third cause of action unless there is at least some substantial evidence to show that he would have raised a crop of flax on that 200 acres of the Berg land. "Mere estimates, speculations, or conjectures of witnesses, not founded upon knowledge of actual facts, or testimony that plaintiff 'thinks' or 'calculates' that he could have made a certain amount is insufficient." (13 Cyc. 219, 220; *Tudor* v. *Northern Pac. Ry. Co.,* 45 Mont. 456, 124 Pac. 276; *Watson* v. *Colusa-Parrot Min. Co.,* 31 Mont. 513, 79 Pac. 14; *McIntyre* v. *Northern Pac. Ry. Co.,* 56 Mont. 43, 52, 180 Pac. 971.)

Recovery of profits is not condemned merely because they are claimed as profits *per se,* but "if they depend upon such changing or vicissitudes of business as to make them un-

certain of ascertainment, or if they are clearly speculative and not capable of being correctly ascertained under the recognized rules of evidence, they may not be recovered." (*First Nat. Bank* v. *Carroll*, 35 Mont. 302, 309, 88 Pac. 1012; *Springer* v. *Riley* (Tex. Civ. App.), 136 S. W. 577; *American Const. Co.* v. *Davis* (Tex. Civ. App.), 141 S. W. 1019; *Connersville Wagon Co.* v. *McFarlan Carriage Co.*, 166 Ind. 123, 3 L. R. A. (n. s.) 709, 76 N. E. 294.) That the cause must be certain "is but a statement in another form of the rule requiring that damages must be the natural and proximate consequences of the wrongful act." (17 C. J. 755, 756.)

"Profits which are a matter of guess are too problematical as a measure of damages." (*Kerns etc.* v. *Western Union Tel. Co.*, 174 Mo. App. 435, 160 S. W. 556; *Truman* v. *J. I. Case Threshing Machine Co.*, 169 Mich. 153, 135 N. W. 89.)

*Messrs. Norris, Hurd & Rhoades,* for Respondent, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

The present action is *ex delicto.* It was no part of any contract that the appellant company should ship the property under a bill of lading. It took that upon itself, and when it assumed to interfere with the delivery of the property to the plaintiff by the carrier, it was clearly interfering with the duty it owed to the plaintiff, and the action sounds in tort.

The gist of plaintiff's complaint is that the defendant negligently retained and failed to forward the plaintiff in due time the bill of lading, which bill controlled the right to the possession of the goods and by virtue of which delay on the part of defendant, plaintiff was unable to obtain the possession of the goods. In shipping the goods, appellant saw fit to make the shipment subject to a bill of lading made to consignor or order. This it had a legal right to do. (Rev. Codes 1921, secs. 7828–7834.) But the bill of lading failed to arrive with the goods and the carrier refused to deliver the goods. This was proper. (Moore on Carriers, sec. 215; *First Nat. Bank* v. *Northern Pac. Ry. Co.*, 28 Wash. 439, 68

Pac. 965; *Pennsylvania R. Co.* v. *Stern,* 119 Pa. St. 24, 4 Am. St. Rep. 626; *Illinois Cent. R. Co.* v. *Miller,* 32 Ill. App. 259.) From the foregoing principles of law it is obvious that, even assuming defendant was not guilty of negligence in shipping the goods, nevertheless, if it had the goods shipped subject to this bill of lading and the delivery thereof to the carrier, upon the latter's delivery of the goods, the negligence of defendant in retaining or failing to forward the bill of lading in due time is an actionable wrong; and the law will permit the plaintiff to recover the damage which he sustained as a proximate result of the breach of legal duty on the part of the defendant. The mere fact that plaintiff has also a right of action *ex contractu* upon the same state of facts is not material (*Burnett* v. *Lynch,* 5 Barn. & C. (Eng.) 589; *Nelson* v. *Great Northern Ry. Co.,* 28 Mont. 297, 72 Pac. 642; *Lahood* v. *Continental Tel. Co.,* 52 Mont. 313, 157 Pac. 639; *Payne* v. *Watters,* 9 Ga. App. 265, 70 S. E. 1114; *Churchill* v. *Howe,* 186 Mich. 107, 152 N. W. 989; *Church* v. *Auto-Kalsomine Co.,* 118 Mich. 219, 76 N. W. 383), for the tort action arises in consequence of a relation which a contract had established between the parties. (*Welborn* v. *Dixon,* 70 S. C. 108, 3 Ann. Cas. 407, 49 S. E. 232.)

This being an action *ex delicto* the rule of damages set forth in section 8686, Revised Codes, applies. (13 Cyc. 28.) Under such rule loss of profits are recoverable and by his pleading respondent has shown that the loss of such profits were the proximate result of the negligence of appellant. This is as far as he must go. The law then implies that such loss should have been and was foreseen. It is sufficient that respondent show that appellant ought to have anticipated that some injury was likely to result as the reasonable and natural consequence of his negligence. (*Therriault* v. *England,* 43 Mont. 376, 116 Pac. 581.) Moreover, even in contract actions profits may be recovered provided they are proximate and certain. (*Carlson* v. *Stone-Ordean-Wells Co.,* 40 Mont. 434, 107 Pac. 419; 17 C. J. 788, 795, and cases cited: *Dondis* v. *Borden,* 230 Mass.

73, 119 N. E. 184; *Sanford* v. *Irr. Dist.*, 101 Cal. 275, 35 Pac. 865; *People's Ice Co.* v. *Steamer Excelsior*, 44 Mich. 229, 38 Am. Rep. 246, 6 N. W. 636; *Freeman* v. *Field* (Tex. Civ. App.), 135 S. W. 1073; *Pender Lbr. Co.* v. *Wilmington Iron Wks.*, 130 N. C. 584, 41 S. E. 797.)

Since 1895, it has been the rule in this state that a plaintiff might recover damages for the value of crops before they mature, when destroyed by the negligent acts of the defendant. (*Hopkins* v. *Butte & Montana C. Co.*, 16 Mont. 356, 40 Pac. 865.) The amount which could be recovered was the net value of the crop which was determined by showing what would have been the value of the crop matured, and deducting therefrom the expense of maturing the crop, and the cost of reaping, threshing and moving the same to market. That rule was observed in the trial of this case. (*Bell* v. *Reynolds*, 78 Ala. 511, 56 Am. Rep. 52; *Chicago & R. I. R. Co.* v. *Ward*, 16 Ill. 522; *Robb* v. *Carnegie Bros. & Co.*, 145 Pa. St. 324, 27 Am. St. Rep. 694, 14 L. R. A. 329, 22 Atl. 649; *First State Bank* v. *Howell*, 41 Okl. 216, 137 Pac. 657; *Stewart* v. *Murphy*, 95 Kan. 421, Ann. Cas. 1917C, 612, 148 Pac. 609; *Herpolsheimer* v. *Christopher*, 76 Neb. 352, 14 Ann. Cas. 399, 9 L. R. A. (n. s.) 1127, 111 N. W. 359; *Hunt* v. *St. Louis etc. Co.*, 126 Mo. App. 261, 103 S. W. 133; *Kjelsberg* v. *Chelberg*, 177 Fed. 109, 100 C. C. A. 529; *Rogers* v. *McGuffey*, 96 Tex. 565, 74 S. W. 753.)

MR. COMMISSIONER BENNETT prepared the opinion for the court.

This action was brought by George W. Hall to recover from the defendant, Advance-Rumely Thresher Company, a corporation, for failure to deliver certain articles of personal property ordered by plaintiff through an agent from the defendant company. The facts appear to be that, early in March, 1917, a man by the name of Cravath solicited the plaintiff to purchase certain tanks and other equipment for the hauling of fuel and water to and supplying an engine and plow outfit

which the plaintiff had purchased from the defendant the year preceding. The order was given and transmitted to the defendant company at Fargo, North Dakota, which company proceeded to ship the major portion of the equipment to the plaintiff under a state of facts which was, in effect, billing it to him, but making a sight draft and attaching thereto the bill of lading, thus intending to retain possession of the equipment until payment was made. In fact, however, the bill of lading was not attached to the draft, but the equipment, having been shipped to another point with a larger shipment, was to be rebilled to plaintiff from that point, and the bill of lading forwarded to a bank at Malta, Montana, to be attached to the sight draft. For some reason the bill of lading was returned to the office at Fargo, North Dakota, in place of being forwarded immediately to the bank at Malta.

The machinery arrived at Dodson about the fifteenth day of April, 1917. The plaintiff paid the draft on the evening of the nineteenth day of April, and then discovered that the bill of lading was not available. The plaintiff applied to the railroad company for the goods, but they were not delivered, for the reason that he could not deliver the bill of lading to the railroad company. Just when he obtained the equipment is not clear, but under the complaint and the instructions in the case he relied on the date as of the twenty-fifth day of April, 1917. Plaintiff claims that he could not operate his outfit without the equipment, and that he had a contract with a Mr. Louis Berg whereby he agreed to plow 200 acres of land for Berg, and Berg agreed to pay him $6 per acre for such plowing. Plaintiff claims that before he obtained the equipment a drought had set in, and the Berg land had become so dry and hard that he could not plow it, and that if he had obtained the equipment on the 15th of April he would have completed the plowing before the drought prevented. He also claims that he had a contract entitling him to the use of said 200 acres of land, and that he had intended to seed it to and

raise thereon a crop of flax, which was likewise prevented by the acts of the defendant company.

This action was brought by filing a complaint setting out three causes of action. The first cause of action, after alleging facts showing failure to deliver the bill of lading, alleges, in effect, that, by reason of the fact that plaintiff could not operate his plow without the equipment, he was prevented from performing the Berg contract and realizing the profits therefrom. In the second cause of action, after alleging the failure to deliver and the fact that plaintiff could not operate without the equipment, he simply claims the value of the use of the outfit for a period of time from April 15 to April 25, 1917. In the third cause of action he claims as damages the value of a crop of flax which he alleges he could have raised in 1917 if the acts of the defendant had not prevented, and an increased value to him of the same premises on which he expected to raise this crop of flax for the year 1918 which would have resulted if he had been able to plow and sow the same in 1917. Defendant answered thereto, its answer putting in issue its liability generally and for the special damage claimed.

The case was tried to a jury, resulting in a verdict for plaintiff on his first cause of action in the sum of $600, and on his third cause of action in the sum of $633. There was, in effect, no verdict returned as to the second cause of action. It will be noted that under the instructions of the court a recovery upon the first cause of action precluded a recovery upon the second. Judgment was entered on the verdict, and in due course of time defendant moved for a new trial, which was presented to a judge other than the one who tried the cause, and the motion was by him denied. The cause is before us on an appeal from the judgment, and on an appeal from the order denying the motion for a new trial.

It will only be necessary to discuss a portion of the specifica-
[1]  tions of error. When the taking of the testimony began, defendant objected to the introduction of any testimony under

either of the three causes of action alleged, on the grounds: "First, for the reason that said first cause of action does not state facts sufficient to constitute a cause of action; second, the damages alleged are too remote, conjectural, and uncertain to be actionable; third, the facts alleged show there was no causal connection between the act of negligence alleged and the damages and injury, as alleged." This objection was over-ruled, and this ruling of the trial court as to the first and third causes of action is specified as error. The ruling of the trial court was correct. There were allegations in each of the three causes of action which did state a cause of action for at least nominal damages, and the first objection made raises only such a question as arises upon a general demurrer. (*Daily* v. *Marshall*, 47 Mont. 377, at p. 391, 133 Pac. 681. And see *State ex rel. Culbertson Ferry Co.* v. *District Court*, 49 Mont. 595, 144 Pac. 159.)

In *Donovan* v. *McDevitt*, 36 Mont. 61, at page 64, 92 Pac. 49, at page 50, this court, quoting from 16 Ency. Pl. & Pr., at page 793, said: "To sustain the demurrer it must appear that, upon the facts pleaded, no relief can be had."

The second and third grounds of each objection were not **[2]** tenable at the time and for the purpose to which they were directed. These grounds of objection could only be directed at the allegations of special damage, and as to those allegations in the first cause of action might have been proper upon a motion to strike, since there was no proper allegation to support them. There was no allegation in the first cause of action even inferentially charging that the defendant company knew of the existence of the Berg contract, and there-fore the allegations of the first cause of action are insufficient to entitle plaintiff to recover more than nominal damages.

At the close of plaintiff's case, defendant moved for a non-**[3]** suit. The motion was denied, and this ruling is speci-fied as error. The ruling was correct, for there was evidence properly before the court which disclosed a liability on the part of the defendant for at least nominal damages.

In order to simplify the discussion of the remaining ques-
[4] tions, and to avoid the repetition, at this point we will
say that, as to the damages claimed under the third cause
of action, it was entirely left to conjecture and speculation
whether or not any crop could have been raised in the season
of 1917 had the plaintiff obtained the equipment on the fif-
teenth day of April. Certainly as to the third cause of action,
then, no recovery could be sustained.

Our discussions hereafter will be confined to the considera-
tion of the various questions with reference to the first cause
of action. The most important question is: Was the evidence
sufficient to support the verdict? Defendant contends that in
many particulars it was not.

The first specification under this head to which we will direct
[5] our attention is the one that, under the contract which
was introduced in evidence, there was no duty on defendant
to deliver promptly. The provision of the contract relied on
to support this argument is: "The vendor assumes no liability
for nonshipment, delay in shipment, or transportation." This
stipulation does not remove such liability as is disclosed in
the instant case.

It is insisted by defendant that there was not a sufficient
showing that the equipment covered by the bill of lading was
indispensable to plaintiff's plowing operations. There was suf-
ficient testimony on this point to send the case to the jury, if
this had been the only question in issue.

Defendant also argues that the evidence was insufficient to
support the verdict as to the first cause of action, in that
there was no evidence showing that the defendant had any
knowledge of the Berg contract.

In order to maintain his position the plaintiff contended,
[6] and now contends, that the complaint stated causes of
action in nature either *ex contractu* or *ex delicto,* and insisted
and insists that, by reason of this fact, he is entitled to invoke
the rule laid down by section 8686 of the Revised Codes of
Montana of 1921, which section is as follows: "For the breach

of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.'' It is true that there are certain situations resulting from breaches of certain classes of contracts which, by reason of the peculiar circumstances of the cases, are said to warrant an action in tort for the breach of an obligation arising therefrom. But in the instant case it is clear that none of the elements which enter into the determination of that question in those cases were present, and it is likewise clear that this is an action for the breach of an obligation arising from contract, and that the measure of damage is that specified in section 8667 of the Revised Codes of Montana of 1921, which reads as follows: ''For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.''

In *Myers* v. *Bender*, 46 Mont. 497, 508, Ann. Cas. 1916E, 245, 129 Pac. 330, this court said in commenting upon that section of the Codes: ''The statute embodies the common-law rule, and the authorities generally agree that the damages recoverable in such cases must be limited to such as may fairly be supposed to have been within the contemplation of the parties when they entered into the contract, and such as might naturally be expected to result from its violation.'' And in *Globe Refining Co.* v. *Landa Cotton Oil Co.*, 190 U. S. 540, at page 545, 47 L. Ed. 1171, 23 Sup. Ct. Rep. 756 [see, also, Rose's U. S. Notes], the supreme court of the United States, quoting from the case of *British Columbia Saw Mill Co.* v. *Nettleship*, L. R. 3 C. P. 499, 508, after discussing the question as to what notice is required to the person sought to be charged in order to hold him liable for anticipated profits in an action for the breach of a contract, says: ''The knowledge

must be brought home to the party sought to be charged, under such circumstances that he must know that the person he contracts with reasonably believes that he accepts the contract with the special condition attached to it." And the supreme court itself uses the following language. "It may be said with safety that mere notice to a seller of some interest or probable action of the buyer is not enough necessarily and as matter of law to charge the seller with special damage on that account if he fails to deliver the goods." .

Such being the rule, and since this case should be sent back for a new trial, we call attention to the fact that the evidence is not convincing on the question of whether the defendant had sufficient knowledge of the Berg contract to bring the plaintiff within the rule.

There is also a specification of error as to the insufficiency of the testimony to support the verdict, in that plaintiff did not show that he used due diligence in procuring other machinery to take the place of that withheld. We think the evidence he did adduce was sufficient to submit the question to the jury, and that as to that question the point is not well taken.

It is also insisted that the evidence fails to show that [7] the acts of the defendant were the proximate cause of the damage, and that therein the evidence is insufficient to support the verdict. Does the evidence adduced disclose that the proximate cause of plaintiff's failure to realize the profits of the plowing contract was the failure of the defendant company to deliver? Let us bear in mind that this is a distinct question from the one of knowledge or anticipated damage. The acts complained of must have been the proximate cause of plaintiff's damage as alleged, or such damage is not recoverable, even though the defendant knew every detail of the plowing contract. In order to maintain his position it became incumbent on plaintiff to show that, if he had had the equipment, he could have performed his contract. In an endeavor to show this, he testified that, if he had been able to com-

mence his plowing operations on the fifteenth day of April, he could have completed the plowing before the soil became so hard that he was forced to abandon operations. He did not, however, take into account the fact that he himself had waited from the date of the arrival of the equipment on or before the fifteenth day of April until the evening of the 19th of April to make any actual effort to commence his plowing operations. At that time, and according to his own testimony, for the first time—the date being definitely fixed by the banker—he applied at the bank where the bill of lading for the equipment was to be sent and attached to the draft covering the purchase price, and learned that the bill of lading was not available. It is evident that the defendant cannot be charged with failure to deliver until the plaintiff was ready to receive. The date when the obligation to deliver arose was certainly not earlier than the evening of the nineteenth day of April. The record is barren of any evidence that the plowing could have been completed if the equipment had been available on the evening of the 19th. There is a lack of very essential evidence, and in this respect the evidence was insufficient to support the verdict.

Defendant further specifies as error the ruling of the trial [8] court in permitting the plaintiff to testify to certain statements made by him to Mr. Cravath as to his intended use of the equipment. It is argued that the testimony elicited varied the terms of a written contract by oral testimony. This argument is not sound. The effect of the testimony was, not to vary the terms of the contract, but was to show what damages might have been reasonably anticipated in the event it was not performed. As to that point, therefore, the specification is not well taken. (See *American Bridge Co.* v. *American Dist. Steam Co.,* 107 Minn. 140, 119 N. W. 783.) As to the same testimony, the objection also urged, that there [9] was no showing that the man to whom the statements were made was defendant's agent, is not well taken. When we consider the fact that the person who took the order for

the equipment was supplied with a blank form—an ''ironclad'' one—of order blank, which it is evident upon a reading thereof was defendant's own form, that this order was finally accepted by the company and the equipment was shipped and the money in payment therefor was accepted by the defendant, we cannot see how the defendant is in a position to urge that no agency existed here.

Over the objection of defendant, the court gave the following instruction: ''To entitle the plaintiff to recover on his **[10]** first cause of action, it is necessary only that he prove by a preponderance of the evidence that, by reason of the careless and negligent act of the defendant as alleged in plaintiff's first cause of action, he was deprived of the use of his said machinery during some part of the time set forth in his first cause of action, and, if plaintiff has proved such facts, you will find in his favor on the first cause of action.''

Referring as this instruction does to the cause of action, the jury may well have concluded that, if they found that the defendant had, by reason of its carelessness, deprived the plaintiff of the use of his machinery for some period of time between the fifteenth and twenty-fifth days of April, 1917— and there was evidence from which they could have so found, if they believed it—without going further into a consideration of the case, they were entitled to find for the plaintiff for the full amount asked for in such cause of action. Considered in this light, the instruction was objectionable and prejudicial.

As to the instruction which the defendant requested as to **[11]** plaintiff's duty to minimize the damage, and which was refused by the court, the refusal being specified as error, we have concluded that there was in this case no question of minimizing any damages. The sole question was whether all the damage was caused by defendant's acts. There was no error in refusing to give the instruction.

Having concluded that there can be no recovery on the third cause of action, we recommend that the judgment and order denying a new trial be reversed and the cause remanded to

the district court, with directions to grant a new trial, and with further directions to dismiss the third cause of action.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from.are reversed and the cause is remanded to the district court, with directions to grant a new trial, and to dismiss the third cause of action.

*Reversed and remanded.*