## WILLIAMS v. ROBINSON.

### Opinion delivered April 16, 1923.

1. MASTER AND SERVANT—WRONGFUL DISCHARGE OF SERVANT—DAMAGES.—In a suit by a servant to recover damages for a wrongful discharge, an instruction which told the jury that if they found that plaintiff was entitled to recover she should recover the whole of the wages due her by the terms of the contract, less what she had an opportunity to earn by like services after her dismissal, was correct, as she was not required to seek or accept employment of a different character.

2. MASTER AND SERVANT—WRONGFUL DISCHARGE—INSTRUCTION.—In a suit by a servant to recover damages for a wrongful discharge before the term of employment expired, an instruction that plaintiff was entitled to recover money expended for railroad fare and hotel bills in coming to perform the contract was erroneous where there was no agreement to pay such expense; but such error was harmless where the verdict awarded the plaintiff a smaller sum than she was entitled to, under the undisputed testimony, if she was entitled to recover at all.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; affirmed.

*H. L. Pearson* and *John Mayes,* for appellant.

Court erred in giving instructions 1 and 3 requested by appellee. "Like" as used in No. 1 defined. Webster. 79 N. C. 372; 127 Mass. 452. Incumbent on appellee to seek employment in any line of work she was qualified to perform. 64 Ala. 299; 68 Ala. 66; 39 N. Y. 129; 61 N. Y. 362; 79 N. C. 106; 44 Ohio 226; 1 Sutherland on Damages, § 88; 17 Md. 419; 67 Maine 64; 31 Ind. 241; 33 Texas 714. Not entitled to recover railroad fare, as instruction 3 erroneously told the jury to allow.

*Chew & Ford,* for appellee.

Instruction numbered 1 correctly told the jury·that appellee was only required to seek or perform like service after her wrongful discharge. 39 Ark. 280; 116 U. S. 398; 58 Ark. 623; 9 Ark. 394; 63 Barb. 177; Wood on Master and Servant, 250; 2 Sutherland on Damages, § 693. No error committed in giving instruction numbered 3.

SMITH, J. Appellee alleged that she was employed by appellants to take charge of their kitchen and to do all the baking and to make salads, at the summer hotel which appellants ran at Winslow, Arkansas. The contract was made by letters exchanged between the parties, and these very clearly establish an agreement on the part of appellants to pay appellee $25 per week during the "season." At the time the parties began to correspond appellee resided in Amarillo, Texas, and it was necessary, of course, for her to report to Winslow to perform her duties under the contract; but there is nothing in the correspondence to obligate appellants to pay appellee anything except $25 per week for her services. Appellee was discharged July 9th, and the season for summer visitors closed September 14th, so there was a period of nine weeks and four days during which appellee was not furnished employment under the contract. The compensation for this time, at $25 per week, is $239.28.

Appellants admit that they discharged appellee, but say they did so rightfully. This issue of fact was submitted to the jury under instructions which told the jury there could be no recovery if appellee had given appellants cause to discharge her, and that question is, of course, settled by the verdict of the jury.

Over appellants' objection, an instruction was given in which the jury was told that if they found appellee was entitled to recover, she should recover the whole of the wages due her by·the terms of the contract, less what she had an opportunity to earn by like services after her

dismissal. The objection to the instruction was that the jury was required to take into account only such sum as appellee might have earned by like services, appellant having testified that they had offered appellee other employment at $10 per week. This employment was in a more menial capacity, and appellee declined to accept it. This she had the right to do. It was her duty to seek and accept other like employment, but she was not required to seek or accept employment of a different character, and the instruction therefore correctly declared the law. *Van Winkle* v. *Satterfield,* 58 Ark. 623; *Sweet* v. *McEwen,* 140 Ark. 162.

Appellee testified that she sought similar employment but could not obtain it, but that she did obtain employment for 5½ days as a waitress at a cafe, and also secured 16 days' employment as a nurse at a dollar per day, but that she was unable to obtain any other employment except that offered by appellant.

Over appellant's objection the court told the jury that, if appellee expended money for railroad fare and hotel bills in her journey from Amarillo to Winslow to perform the contract, at the instance and request of the defendants, to include the sum so expended, if they found for the plaintiff.

Appellee testified that she expended $21.48 coming to Winslow, and it was, of course, a necessary expenditure to enable her to perform the service specified in the contract, but there is nothing in the contract which obligated appellants to pay this expense. Their agreement was to pay $25 per week, and they cannot be held liable for an expense which appellee had to incur to earn this money, in the absence of an agreement to pay that expense.

The instruction, while erroneous, does not appear to have been prejudicial, for the following reasons. Under the jury's verdict, upon the question of appellants' right to discharge, appellee would have been entitled to $239.28, less all credits. Appellee was not required to

accept employment as a waitress or as a nurse, but she did so, and the $21.50 thus earned is to be credited upon her recovery. Assuming that the jury, under the erroneous instruction, allowed the item of $21.48, it, too, must be deducted to render the instruction nonprejudicial. These two items total $42.98; but when that total has been deducted from the $239.28 there remains $196.30, for which the verdict should have been rendered, whereas the verdict returned was for only $180. The jury may have thought that some credit should be allowed on account of appellee's failure to accept the refused employment, notwithstanding the court's instruction to the contrary.

At any rate, after appellants are allowed all the credits which they could claim under the testimony, there remains due appellee a sum in excess of the jury's verdict, if it be assumed that she was wrongfully discharged, and, as we have said, that question is concluded by the verdict of the jury.

The erroneous instruction appears therefore not to have been prejudicial, and the judgment is affirmed.