Thelma West, Respondent, *v.* Scaroon Hotel Corporation, Appellant.

Supreme Court, Appellate Term, Second Department, October 3, 1946.

*Abraham J. Halprin* and *Sidney R. Rossiter* for appellant.

*Jerome A. Strauss* for respondent.

MEMORANDUM *Per Curiam.* It was error to permit the jury to consider items of clothing in arriving at the damage sustained by the alleged breach of the contract of employment. The cost of those items was not a direct loss caused by the alleged breach. (*Haughey* v. *Belmont Quadrangle Drilling Corp.*, 284 N. Y. 136, 142.) Whether plaintiff was employed for a season and whether a bonus was to be part of her compensation were for the jury to determine. It was also for the jury to say whether she was employed as a cashier or a checker or whether no specific position was agreed upon. If hired as a cashier and checker, she could not recover if she refused to perform checking duties. (*Macauley* v. *Press Publishing Co.*, 170 App. Div. 640.) If hired without specification of duty to be performed, the jury should have been instructed she could not recover if the duty assigned by defendant to her was within the contemplation of the parties at the time of hiring. There was no error, however, in excluding the newspaper advertisements. They were not shown to have been for positions at summer resorts. (*Fuchs* v. *Koerner*, 107 N. Y. 529; *Costigan* v. *Mohawk and Hudson R. R. Co.*, 2 Denio 609.)

The judgment should be unanimously reversed on the law and new trial granted, with $30 costs to defendant to abide the event.

MacCRATE, SMITH and FENNELLY, JJ., concur.

Judgment reversed, etc.