46

WILLIAM F. LONG, Plaintiff and Respondent, v. JOHN
E. BYERS, Defendant and Appellant.

No. 10385

Submitted March 22, 1963. Decided May 10, 1963.

381 P.2d 299

Leo J. Kottas (argued orally), Helena, for appellant.
Jerrold R. Richards (argued orally), Helena, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the first judicial district, Lewis and Clark County, in favor of plaintiff in the amount of $1,176.76, and from the judgment of the court denying defendant a new trial.

On September 28, 1959, plaintiff William F. Long filed his first complaint against defendant John E. Byers doing business as Byers Plumbing and Heating Company, a corporation. In such complaint, plaintiff asked for judgment in the amount of $1,323.30, together with interest thereon from January 10, 1959, and $500 for attorney's fees which amount was for work, labor, services and the furnishing of equipment he had supplied at the request of defendant.

The defendant demurred to the complaint and thereafter plaintiff filed an amended complaint against the defendant, setting forth the same cause of action and requesting the same judgment. Defendant Byers demurred to the amended complaint and requested a Bill of Particulars which was supplied by plaintiff.

In the defendant's answer, certain offsets and credits were

set forth which had not been allowed, including the expenses for backfilling, digging certain portions of the ditch, which plaintiff failed to dig and backfill, and for certain other expenses, and asked for a credit of $1,125.79 or any moneys due plaintiff. Defendant admitted that plaintiff dug 2,901 feet of ditch and alleged that after the credits above set forth, plaintiff was entitled to $759.86.

The defendant also counterclaimed for an alleged malicious prosecution in that plaintiff endeavored to get the State of Montana to withhold all moneys due defendant on his state contract, and that said plaintiff filed a second cause of action against defendant on July 25, 1960, for the same cause, facts and amounts.

Concerning the second cause of action plaintiff's counsel filed a motion for an order to show cause why the two actions should not be consolidated for trial. An order was obtained and a hearing held by the district court. There is no showing of any service of either complaint, summons or order to show cause on the defendant in the second action. Defendant's attorney appeared at the hearing on the order and the minutes of the court reveal the following concerning this hearing:

"27454 William F. Long v. John E. Byers.

"It was stipulated by and between counsel Thomas Kennedy for plaintiff and Leo J. Kottas for defendant, after hearing in 27822 that there is no action now pending against Byers Plumbing and Heating Company, and that Bill of Particulars may be filed herein.

"27822 William F. Long v. John E. Byers.

"This cause came on regularly for hearing this day, upon an order to show cause for consolidation of the above-entitled action with Cause No. 27454. The plaintiff appeared by counsel, Thomas Kennedy, and the defendant appeared by counsel, Leo J. Kottas. Upon stipulation of counsel and with the consent of the court, Cause No. 27822 was by the court dismissed."

Thereafter a trial was had and the jury returned a verdict in favor of the plaintiff in the amount of $1,176.76.

Appellant assigns seven specifications of error which are as follows:

"1. The Court erred in permitting evidence by plaintiff as to items of his claim over objection that plaintiff failed to file Bill of Particulars within time allowed by law.

"2. The Court erred in permitting plaintiff to introduce evidence as to custom over defendant's objection.

"3. The Court erred in refusing to allow defendant to introduce evidence as to custom contra to plaintiff's evidence.

"4. The Court erred in acting on its own motion and preventing defendant to examine jurors as to defendant's cross-complaint.

"5. The Court erred in refusing to allow defendant to introduce any evidence as to his cross-complaint.

"6. The Court erred in refusing to give defendant's proposed instructions Nos. 16 and 17.

"7. The Court erred in denying defendant's motion for new trial."

We will first review appellant's contention concerning specification of error 1. This ground of the appeal is without merit. While section 93-3804, R.C.M.1947, provides how to plead an account and covers a bill of particulars, this court has previously held that the five-day period referred to in the statute is not mandatory.

In Brion v. Brown, 135 Mont. 356, 340 P.2d 539, the court cited 1 C.J.S. Account, Action on § 8h(2) p. 595, which states:

"Statutory provisions as to time of furnishing statement of account are merely directory and the court may permit statement to be filed after expiration of time." In so holding, the court overruled Munger v. Nelson, 61 Mont. 104, 201 P. 286.

Appellant's specifications of error 2 and 3 will be considered together inasmuch as they pertain to the testimony of

**50**

one Lester Mierhouse who was allowed to testify as follows concerning ditch digging and backfilling on other jobs.

"Q. Are you familiar, in view of your experience, are you familiar with the various common customs in the pipe laying business? A. Yes.

"Q. And is there a custom with reference to the laying of a relatively small cushion of dirt on top of the recently laid pipe, are you familiar with that? * * *

"Q. Is there such a custom? A. Yes.

"Q. In other words, as I understand it, the excavator and back-filler comes in with a machine and excavates and backfills? * * *

"Q. If the master plumber wishes to protect the pipe he has laid out on the ground from the possible impact of rocks and heavy amounts of dirt, he'll lay a cushion in on top of that pipe, is that right? A. That's right."

Here appellant's general objection is insufficient to present any question for review. Where an improper or wrong reason or ground is assigned in objecting to evidence, this court will treat the evidence as if no objection is made. See Padden v. Murgittroyd, 54 Mont. 1, 165 P. 913.

As to the court's refusal to allow appellant to introduce additional evidence on the question of custom, we find no error, Smith v. Armstrong, 121 Mont. 377, 386, 198 P.2d 795.

Concerning specifications of error 4 and 5, we find no error. These specifications cover court's refusal to permit examination of jurors or submission of evidence by appellant on his cross complaint charging malicious prosecution. The basis or foundation of such a charge is that the appellant has been improperly made the subject of legal process, resulting in damages to his personal rights as distinguished from injury to person and that the action was wrongfully brought against him.

The record shown here and previously set forth on the hear-

ing to consolidate the two actions shows that appellant's counsel appeared and consented to the dismissal of the action in question.

To appellant's assignment of error to the refusal to give instructions 16 and 17, we cannot agree. The ultimate test of an instruction is not what ingenuity of counsel can at leisure work out the instructions to mean, but how and in what sense, under the evidence before them, and all of the circumstances of trial, would ordinary men and jurors understand the instructions as a whole. Here, the court found the two offered instructions to be conflicting, inconsistent and repetitious, and properly refused same. Wray v. Great Falls Paper Co., 72 Mont. 461, 234 P. 486; Skelton v. Great Northern Ry. Co., 110 Mont. 257, 100 P.2d 929; Hickman v. First Nat. Bank of Great Falls, 112 Mont. 398, 117 P.2d 275.

Having carefully considered each of the appellant's specifications of error, and finding them to be without merit, and the appellant having included them all in his motion for a new trial on the basis of the facts, a fair trial was had. Our observations here are pertinent and conclusive against appellant on this ground of his motion.

We are of the opinion that no abuse of discretion was shown, and the order denying a new trial should be affirmed. It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, ADAIR, and DOYLE, concur.