MRS. ELLEN WYATT, Plaintiff and Respondent, v. SCHOOL DISTRICT NO. 104, Fergus County, Montana, Defendant and Appellant.

No. 11067.
Submitted June 10, 1966. Decided July 21, 1966.
417 P.2d 221.

Rapkoch & McKinney, Lewistown, Leonard H. McKinney (argued), Lewistown, for appellant.

DeKalb, Mondale & Johnson, Lewistown, Robert L. Johnson (argued), Lewistown, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the court.

This is an appeal by defendant-appellant, School District No. 104, Fergus County, Montana, from a directed verdict in favor of plaintiff-respondent, Mrs. Ellen Wyatt, in an action for damages for wrongful breach of contract. The jury returned a verdict of $3,304.00 for loss of salary and $1,500 in general damages.

On July 11, 1962, respondent, Mrs. Ellen Wyatt, and appellant School District entered into a written contract whereby respondent was to teach the Hutterite children of the Spring Creek Colony for the 1962-1963 school year. Her stated salary was $3,600. Also, it was understood, but not mentioned in the contract, that respondent was to have rent-free living quarters.

The Spring Creek Colony is approximately twenty miles from Lewistown, the county seat of Fergus County. The two room school building is located in the complex of buildings on the colony proper. Separate teacherages in another building are provided for the two teachers.

Respondent, a widow, was approximately fifty-eight years old at the time she entered into the contract with appellant. Her home was in Colorado. She did not own an auto, and the record does not indicate whether or not she could drive.

Respondent commenced teaching at the Colony on September 4, 1962. From that date to October 10, 1962, the county superintendent and her supervisors visited the school on several occasions. None of these persons in authority gave specific instructions, oral or written, to the respondent. Nor did they indicate any dissatisfaction or complaint with her teaching.

The school board was composed entirely of members of the Hutterite Colony. All were immediate members of the same family. No member of the school board, during the period in which the respondent was employed as the teacher in the colony, made any specific requirements, oral or written, of the respondent.

The record is not clear as to whether or not the trustees met as a group in reference to respondent's dismissal. No minutes of any such meeting were presented by the appellant. No discussion of respondent could possibly have taken place at any regular meeting of the board due to the fact that the first regular meeting after July is scheduled by statute, section 75-1622, R.C.M.1947, for the third Saturday in October. Nor was notice given pursuant to section 75-1622, R.C.M.1947, for the calling of a special meeting of the board.

On October 8, 1962, two of the three board members signed a letter purporting to dismiss the respondent as teacher for the School District on grounds of incompetence, pursuant to section 75-2411, R.C.M.1947. The letter was delivered to the respondent on October 10, 1962, with the dismissal effective as of October 12, 1962. Respondent immediately left the premises and returned to Lewistown. Thereafter, she was at all times available to perform the services required of her under the contract. In December 1962 she was employed as a substitute teacher in the Billings School System, averaging approximately one day per week employment for the balance of the school year.

On November 29, 1962, the respondent appealed to the county superintendent. For reasons of expediency, she waived any right to a hearing in reference to the appeal and requested that the county superintendent render a decision as soon as possible.

Respondent was notified on January 3, 1963, that a hearing on her appeal would be held on January 22, 1963. Respondent urged the county superintendent to reconsider having a hearing at such a late date due to the fact that the second semester

had started and contract term would be over prior to determination. The county superintendent failed to honor this request, and respondent withdrew her administrative appeal This action was then commenced in the lower court upon the allegation that further pursuit of the administrative remedy would be futile.

The appellant sets forth four specifications of error:

(1) The District Court granted respondent a directed verdict on the fact that respondent was granted no opportunity to be heard. Appellant contends that the law should not require notice and hearing in the case of a dismissal for alleged incompetence of a teacher not vested with tenure;

(2) Appellant argues that the measure of damages awardable, if any at all, is only the number of dollars specified by contract less the amount respondent could reasonably earn elsewhere;

(3) Appellant contends that the trial court should have adopted the proposed instruction which would allow the jury to determine respondent's competence as a teacher; and

(4) Respondent should have exhausted her administrative remedies. Considering appellant's specification No. 1, under the fact presented here, we find no merit.

A school board like any other administrative body in government is required to follow the law. Section 75-1622, R.C.M.1947, provides in part that "no business transacted by the board shall be valid unless transacted at a regular or special meeting thereof."

Here the record shows there was no meeting either special or regular prior to the respondent being summarily fired. This court said in an early teacher dismissal case when speaking of the board's duties: "They ought, of course, in common justice, to have given the teacher an opportunity to meet the charges before they dismissed him under them." Kellison v. School Dist. No. 1, 20 Mont. 153, 50 P. 421. Additionally, under the facts here, the board did not even follow the formal-

ity of a meeting or having minutes of any kind. Thus, no form of legal process existed from the beginning.

The second and principal issue involves the measure of damages awarded to the wrongfully discharged respondent. Appellant school board contends that if any damages are due, only the balance due under the contract, less the amount earned elsewhere, may be recovered by the respondent. Appellant relies on section 17-303, R.C.M.1947, which states: "The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

This question is one of first impression before this court. Montana has borrowed from California the statutes on the measures of damages. No relevant decision has been rendered by California on this precise statute. It is pertinent, however, to mention that state's interpretation of other sections. For example, Cal. Civil Code, § 3307, which is identical to section 17-307, R.C.M. 1947, expresses the rule for damages in an action for breach of an agreement to purchase and buy real estate. Reading this section one may conclude that the section provides for the exclusive measure of damages, which would be consistent with the contention of the appellant in this case. However, in Royer v. Carter, 37 Cal.2d 544, 233 P.2d 539 (1951), the court said the "vendee's breach may make it necessary for the vendor to incur additional expenses to realize the benefit of his bargain. * * * When such additional expenses are the natural consequence of the breach, they may be recovered *in addition* to those provided for in section 3307." (Emphasis supplied.) See also Pasteur Realty Corp. v. LaFleur, 154 Cal.App. 2d 5, 315 P.2d 374 (1957); O'Connell v. Main Etc. Hotel Co., 90 Cal. 515, 27 P. 373 (1891); Gay v. Dare, 103 Cal. 454, 37 P. 466 (1894); Wickman v. Opper, 188 Cal.App.2d 129, 10 Cal.Rptr. 291; Gulf, C. & S. F. Ry. Co. v. Jackson, 29 Tex.Civ App. 342, 69 S.W. 89 (1902); Cederberg v. Robison, 100 Cal. 93, 34 P. 625 (1893). Citing cases.

This court, speaking through Chief Justice James T. Harrison in Orford v. Topp, 136 Mont. 227, 346 P.2d 566 (1959), has indicated its philosophy on damages. In that case the controversy centered on section 17-306, R.C.M.1947, which sets forth the measure of damages to be used where a contract to convey real property is breached, and section 17-602, R.C.M. 1947, which defines the term "value of the estate agreed to be conveyed." The court said both sections, while complementary, must be read in light of section 17-301, R.C.M.1947, the purpose of which is to compensate an aggrieved party for the loss he sustains. In effect, what the court has said is that the statutes are to be regarded as guides in the estimation of damages to be recovered, and that the respondent should receive a sum which, when added to the benefits already received under the contract, will give her an economic status identical to that which she would have enjoyed had the contract been performed. Evankovich v. Howard Pierce, Inc., 91 Mont. 344, 8 P. 2d 653 (1932); Myers v. Bender, 46 Mont. 497, 129 P. 330, (1913); McFarland v. Welch, 48 Mont. 196, 136 P. 394 (1913).

In Miller v. Yellowstone Irrigation District, 91 Mont. 538, 9 P.2d 795 (1935) involving a wrongful discharge under a contract of employment by the employer, this court said that the measure of damages for a breach of contract of employment by the employer is *prima facie* the sum stipulated to be paid for the services. It is well-settled that those damages which may fairly be supposed to be within the contemplation of the parties when they entered into the contract are recoverable. Richardson v. Crone, 127 Mont. 200, 258 P.2d 970; Healy v. Ginoff, 69 Mont. 116, 220 P. 539; Hall v. Advance Rumely Thresher Co., 65 Mont. 566, 212 P. 290.

This action is brought before the expiration of the period of employment provided by the contract. The action is not to recover wages due, but for damages for breach of contract. Respondent is entitled to damages equivalent to the amount of actual loss sustained, be it loss of benefits or advan-

tages or expenses which would reasonably result from a complete performance on her part. McFarland v. Welch, supra.

The loss of use of the rent-free living quarters is a natural consequence of the contract breach. The living quarters were furnished for the benefit of appellant school board. In fact, section 75-3709, R.C.M. 1947, permits county school moneys to be used for the erection of a teacherage.

The living quarters were just as necessary for the respondent to perform her scheduled teaching as they were necessary in Fulton v. Heffelfinger, 23 Ind.App. 104, 54 N.E. 1079 (1899), for the convenient performance of cultivating the farm, caring for the livestock, and boarding appellants' other employees.

The living quarters, like the pension plan in Hunter v. Sparling, 87 Cal.App.2d 711, 197 P.2d 807 (1948), and the vacation time in Division of Labor Law Enforcement v. Ryan Aeronautical Co., 106 Cal.App.2d Supp. 833, 236 P.2d 236, 30 A.L.R. 2d 347 (1951), are a continuing inducement to respondent to continue her loyal services to the appellant school board.

It is recognized that one occupying the premises of his employer as part of his compensation has no right to continue his occupation of such premises upon termination of employment. Eichhorn v. De La Cantera, 117 Cal.App.2d 50, 255 P.2d 70 (1953). When respondent's employment was terminated the right to occupy the teacherage ceased. Appellant must have reasonably foreseen at the time of the entering into the contract and at the time of the wrongful discharge that respondent would be compelled to move, and that she would have to pay for other quarters.

Here the living quarters were a condition of her employment. They were a continuing inducement for her to remain in the services of appellant school board, and they were a benefit to appellant school board. The deprivation of rent-free living quarters is an actual loss and a natural consequence of the breach.

The expense respondent incurred to seek other employ-

ment is also allowable. She exercised ordinary diligence to procure other employment in an attempt to mitigate her damages. Such necessary and reasonable expense incurred in seeking or in obtaining other employment is recoverable. School Dist. No. 3, etc. v. Nash, 27 Colo.App. 551, 140 P. 473 (1914).

One item of respondent's expenses, the cost of making the journey from Pueblo, Colorado, to Lewistown, Montana, in July 1962 to secure the contract, cannot be recovered. This expense would have fallen on the respondent even if the contract would have been completely performed. West v. Scaroon Hotel Corp., 187 Misc. 539, 67 N.Y.S.2d 163 (1946); Williams v. Robinson, 158 Ark. 327, 250 S.W. 14, 28 A.L.R. 734. In no case is the respondent entitled to recover anything more than she would have received had the contract been performed by appellant, assuming it had been performed. Myers v. Bender, supra, O'Keefe v. Dyer, supra.

Under Instruction No. 5, the district court declared that the jury could award the respondent a sum not exceeding $2,000 as compensation for all detriment proximately caused by the letter of dismissal. The jury awarded respondent $1,500. Convincing evidence introduced at the trial shows that the jury award was not excessive.

We find no merit to specification of error No. 3. No authority was cited for the instruction requested and refused by the court. Here the instructions considered in their entirety properly presented the issues involved and this court held many times that we will consider the instructions in their entirety in determining whether or not the court erred. Long v. Byers, 142 Mont. 46, 381 P.2d 299; State Highway Comm'n v. Voyich, 142 Mont. 355, 384 P.2d 765.

Having found that the appellant failed to follow the law in their dismissal of the respondent, the very dismissal was void for want of jurisdiction. No proceedings on appeal could have validated the dismissal that originally was void for want to jurisdiction. McBride v. School Dist. No. 2, 88 Mont.

110, 290 P. 252; State ex rel. Howard v. Ireland, 114 Mont. 488, 138 P.2d 569.

Judgment of the district court is modified in the amount of the travel item ($57.00), and affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, ADAIR and CASTLES concur.