No.   92-324

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

PETER MERKES,

        Plaintiff and Appellant,

    v.

GRAY MAPSTON,

        Defendant and Respondent.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            David N. Hull, Attorney at Law,
            Helena, Montana

        For Respondent:

            Victor F. Valgenti, Attorney at Law
            Missoula, Montana

FILED

MAR 3 0 1993

Filed: *Ed Smith*
CLERK OF SUPREME COURT
    STATE OF MONTANA

Submitted on Briefs:  October 14, 1992

            Decided:  March 30, 1993

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Peter Merkes appeals from an order of the Fourth Judicial District Court, Missoula County, ordering Merkes to accept the return of a 1972 Peterbilt truck, in lieu of $5454.26 in monetary damages, as compensation for defendant Mapston's breach of contract. We reverse and remand to the District Court.

The sole issue on appeal is:

Did the District Court err when it ordered Merkes to accept the return of the 1972 Peterbilt truck from Mapston and denied an award of monetary damages to Merkes?

In September 1989, Mapston purchased a 1972 Peterbilt truck from Merkes for $5500. On about October 5, 1989, Mapston entered into a subsequent agreement with Merkes to purchase "as is" a 1979 Freightliner truck and a 1972 Fruehauf log trailer for $29,500. The purchase agreement for the truck and trailer provided that Mapston would (1) pay Merkes $24,000 in cash, and (2) return to Merkes the 1972 Peterbilt truck (that Mapston purchased in September) as consideration for the balance due.

Mapston paid Merkes $24,000 in cash. However, he did not return the 1972 Peterbilt truck to Merkes as promised. On December 1, 1989, Merkes sent a letter to Mapston notifying him that he had five calendar days to return the Peterbilt truck or felony theft charges would be filed against him. Mapston did not return the truck.

On April 25, 1990, Merkes commenced a lawsuit against Mapston. The complaint sought damages of $5500, plus interest at 10 percent

2

per annum, from and after October 5, 1989, for Mapston's breach of contract. On January 4, 1991, Mapston filed an answer and counterclaim in which he alleged Merkes induced him to purchase the 1979 Freightliner truck and the 1972 Fruehauf log trailer by misrepresenting and warranting that the vehicles were "road ready." Mapston asserted that the truck, trailer, and related equipment were defective and that he was entitled to the $5000 in repair costs that he incurred to fix the truck, trailer, and related equipment.

On February 18, 1992, the District Court issued its findings of fact, conclusions of law, and judgment. The court concluded that: (1) the parties entered into a binding contract for the purchase of the 1979 Freightliner and the 1972 Fruehauf log trailer for a sum of $29,500; (2) Mapston breached the contract because he never returned the Peterbilt truck to Merkes as promised; and (3) Mapston owed Merkes damages for the breach. The court determined Merkes was entitled to $5500 in damages, less repair costs for a balance of $4422.46. The court added to the $4422.46 balance $1031.80 in interest for a total damage amount of $5454.26.

In his complaint, Merkes sought monetary damages. However, in its judgment, the District Court ordered Merkes to retrieve the 1972 Peterbilt truck in Mapston's possession in lieu of monetary damages. The court reasoned that the truck had a current value of less than $5500 because it had been sitting outside for two years; and therefore, the vehicle's current value offset the $5454.26 that Mapston owed to Merkes. The court determined that the return of

3

the truck, not monetary damages, compensated Merkes for Mapston's breach of contract.

On appeal, Merkes asserts that the District Court erred when: (1) it valued the 1972 Peterbilt truck as equivalent in value to the debt Mapston owed to Merkes; and (2) it ordered that Merkes accept the return of the 1972 Peterbilt truck instead of the monetary damages he requested in his complaint. Our disposition of Merkes' appeal is based on his second contention. Therefore, we need not discuss Merkes' first contention.

Merkes asserts that there is no legal authority to support the court's decision to require Merkes to accept property in lieu of monetary damages. Merkes contends that § 27-1-311, MCA, requires that a nonbreaching party be compensated by an award of strictly monetary damages. Therefore, Merkes maintains, he is entitled to $5454.26 in monetary damages. He argues that neither party sought rescission of the contract. Furthermore, he did not initiate an action for claim and delivery for return of personal property, nor did he request specific performance. He asserts that the court's order to return the property was an inappropriate remedy and that only monetary damages will compensate him.

We agree with Merkes' second argument that the court acted without legal authority when it ordered Merkes to accept the truck, in lieu of monetary damages, as compensation for Mapston's breach of contract. We conclude that the court erroneously ordered the performance of the original sales agreement when monetary

4

compensation was the only appropriate remedy under the circumstances.

The controlling statute in Montana for damages in a breach of contract is § 27-1-311, MCA, which provides:

> For the breach of an obligation arising from contract, the measure of damages, except when otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment which was proximately caused thereby or in the ordinary course of things would be likely to result therefrom. Damages which are not clearly ascertainable in both their nature and origin cannot be recovered for a breach of contract. [Emphasis added.]

In construing § 27-1-311, MCA, our Court has emphasized that the purpose behind § 27-1-311, MCA, is:

> to compensate an aggrieved party for the loss he has sustained . . . . [T]he nonbreaching party should receive a sum which will give him an economic status identical to that which he would have enjoyed had the contract been performed. [Emphasis added.]

*Como v. Rhines* (1982), 198 Mont. 279, 286, 645 P.2d 948, 952; *Wyatt v. School Dist. No. 104, Fergus County* (1966), 148 Mont. 83, 89, 417 P.2d 221, 224.

When the District Court denied monetary damages and ordered the return of the Peterbilt truck to compensate Merkes for Mapston's breach, the court erroneously relied on the specific relief statutes, found at §§ 27-1-401 to -433, MCA, and §§ 28-2-1601 to -1716, MCA. Specific relief or specific performance is an appropriate remedy for breach of contract in certain circumstances; however, this case is not one of them.

Section 27-1-401, MCA, is clear that specific relief may only be given in the cases specified therein and in no others. Section 27-1-411, MCA, provides:

> Except as otherwise provided in this part and Title 28, chapter 2, parts 16 and 17, the specific performance of an obligation may be compelled when: (1) the act to be done is in the performance, wholly or partly, of an express trust; (2) the act to be done is such that pecuniary compensation for its nonperformance would not afford adequate relief; (3) it would be extremely difficult to ascertain the actual damage caused by the nonperformance of the act to be done; or (4) it has been expressly agreed in writing, between the parties to the contract, that specific performance thereof may be required by either party or that damages shall not be considered adequate relief.

Neither the circumstances provided for in § 27-1-401 or -411, MCA, are present in this case.

When it ordered the return of the truck and refused to award monetary damages to Merkes, the court failed to act in accordance with the law of damages for breach of contract as provided in § 27-1-311, MCA. Further, the court erroneously ordered specific relief and specific performance in contravention of the preliminary requirements stated in §§ 27-1-401 and -411, MCA.

We reverse and remand this District Court decision and direct the lower court to award monetary damages to Merkes in accordance with § 27-1-311, MCA. Merkes is entitled to receive $5454.26 in damages as compensation for Mapston's breach of contract.

_____
                Justice

6

We concur:

_____
Chief Justice

_____


_____


_____
Justices