NORMAN A. ORFORD and MARGUERITE ORFORD, HUS-
BAND AND WIFE, PLAINTIFFS AND RESPONDENTS, v. NORMAN
O. TOPP, DEFENDANT AND APPELLANT.

No. 9881.
Submitted October 14, 1959. Decided November 10, 1959.
As Amended on Denial of Rehearing December 2, 1959.
346 Pac. (2d) 566.

See **C. J. S.** Vendor and Purchaser, § 600.

Fred N. Dugan, Billings, for appellant.

John A. Hauf, Billings, for respondents.

Mr. Dugan and Mr. Hauf argued orally.

## MR. CHIEF JUSTICE HARRISON:

This is an appeal from a judgment rendered in favor of plaintiffs for $2,959.20 for damages sustained by reason of a breach of a contract by defendant to convey certain real property in Billings, Montana.

It was admitted in the pleadings that on January 11, 1956, the plaintiffs and defendant entered into a contract whereby defendant agreed to sell, and plaintiffs agreed to buy, a house and lot for the sum of $20,000. It was shown that on tender of the purchase price, defendant was unable to perform, having sold the property to another. On this appeal from the judgment

in plaintiffs' favor, the occurrence of the breach is not questioned. The sole question is whether the jury was instructed as to the proper measure of damages and, if so, whether the evidence supports the verdict under those instructions.

The instructions given to the jury, which are pertinent, are Instructions 14, 15, 16, 17, and 18. Instruction 14 was framed in the words of section 17-301, R.C.M. 1947, to the effect that the measure of damages for the breach of an obligation arising from contract is the amount which will compensate the party aggrieved for his loss caused thereby.

Instruction 15 is based on part of section 17-306, R.C.M. 1947, which sets forth the measure of damages for breach of an agreement to convey real property. Instruction 15 reads in part: ''If you find that the defendant did breach his agreement and that he did so in bad faith, the measure of the plaintiffs' damage for the breach of the agreement in bad faith is the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach.''

Instruction 16 defines ''value'' as used in Instruction 15 in the following manner: ''You are further instructed that the value of the estate agreed to be conveyed, at the time of the breach, as used in the last preceding instruction means the reasonable and established market value of said property at the time and place of the breach, if any.''

Instruction 17 is a definition of ''market value'' in the words of section 17-602, R.C.M. 1947. The instruction reads: ''You are instructed that if you find for the plaintiffs, and if you find that there was a breach of an agreement by the defendant which deprived the plaintiffs of the possession of property they had contracted to purchase, in estimating plaintiffs' damages you may consider that the value of property to a buyer thereof, deprived of its possession, is deemed to be the price at which he might have bought an equivalent thing in the market nearest to the place where the property ought to have been put into his possession, and at such time after the breach of duty upon

which his right to damages is founded would suffice, with reasonable diligence, for him to make such a purchase.''

Instruction 18, the allowance of which is specified as error and which is the root of the appeal, is another definition of ''value.'' It reads: ''You are instructed that if you find for the plaintiffs and if you also find that the property of which they were deprived of possession had a peculiar value to them, such value as you find may be deemed to be its value against the defendant if you find that he had notice thereof before incurring a liability to damages in respect thereof, and in such case this is a proper element of the plaintiffs' damages.''

In order to determine the propriety of the instructions given, it may be well to summarize the proper construction of the Montana statutes applicable to the measure of damages, as applied in these instructions.

The code sections in Chapter 3, Title 17, R.C.M. 1947, set forth the *measure* of damages to be used where various types of contracts are breached. Section 17-306 sets forth the *measure* to be used where a contract to convey real property is breached. These sections provide the equation or formula to be used in arriving at the amount to be awarded an aggrieved party. For example, section 17-306 provides that the aggrieved buyer's damages is computed as the total of (1) the price paid for the property which was not conveyed, (2) the expenses incurred in examining title and preparing necessary papers, *plus,* in case of bad faith on the part of the seller, (3) the difference between the price agreed to be paid and the *value of the estate agreed to be conveyed.*

A number of the code sections in Chapter 6, Title 17, R.C.M. 1947, set forth the *definition* of the term ''value.'' For example, section 17-602, provides in substance, that the value of property to a buyer, deprived of its possession, is the price at which he might have bought an equivalent property on the market. Thus, section 17-602 defines the term ''value of the estate agreed to be conveyed'' which is found in the *formula*

provided by section 17-306. Neither of these sections are exclusive of the other. Both must be applied together in the appropriate case. Section 17-306 provides the formula, section 17-602 provides a definition of one of the terms in the formula.

That these sections are complementary is evident from the purpose behind their enactment. Their purpose is to compensate an aggrieved party for the loss he sustains. Section 17-301 is a clear expression of this purpose.

In Lewis v. Lambros, 65 Mont. 366, 211 Pac. 212, this court recognized that what is now section 17-602 must be referred to in order to define the term "value" as used in section 17-312, the statute setting forth the measure of damages for breach of title of personalty and a companion statute to section 17-306. The effect of construing these sections together in that case was to set damages at the amount it would cost the aggrieved buyer on the market to replace personalty of which he was deprived by reason of the defective title in the seller.

Using the same principle and construing sections 17-306 and 17-602 together, the aggrieved buyer's damages, where bad faith is shown, are set at the difference between the price he agreed to pay, and the price he is required to pay on the market for equivalent property.

It is true that when no qualification is expressed or implied, the term "value" when applied to property means "market value." James v. Speer, 69 Mont. 100, 109, 220 Pac. 535.

One might contend that the term "value of the [property] agreed to be conveyed," as used in section 17-306, must be computed by looking to the market value of that property alone, and that therefore no reference can be made to the price the aggrieved buyer must pay on the market for similar property, as mentioned in section 17-602. But the answer to that is obvious. Normally, the value on the market of similar property is about the same. But where the market value of the particular property, which was not conveyed as agreed, is lower than the price the aggrieved buyer is required to pay on the market for

similar property, the buyer's actual loss is the difference between the price he was to pay under the breached contract and the price he is required to pay on the market for similar property.

In the case at bar, Instructions 15 and 17 correctly informed the jury as to the measure of damages provided for in sections 17-306 and 17-602.

The basis of appellant's appeal is Instruction 18 which, as ▆ before mentioned, is framed in the words of section 17-603. Appellant's contention that section 17-306 must be applied exclusive of section 17-603 has no merit for the same reasons hereinbefore stated that section 17-306 and 17-602 must be construed together. Section 17-603 is the statute which defines "value" in the particular case where the property of which the buyer is deprived has a "peculiar value" to him.

Appellant's contention can be resolved to this: Since the plaintiffs had *alleged* the "value" of the property sought to be conveyed to be $20,000, and the price agreed to be paid was $20,000, the difference being zero, there were no damages which the plaintiffs could recover under sections 17-602 and 17-306.

Therefore, appellant contends the jury must have been led to believe, by Instruction 18, that they could measure damages under section 17-603 *alone,* that is, they could fix plaintiffs' damages as the total "peculiar value."

Under the evidence introduced, and the instructions given, ▆▆ what could the jury properly find the damages to be? Under Instructions 15 and 17, plaintiff could recover the difference between the $20,000 agreed to be paid the *price plaintiff would be required to pay for similar property*. There was no evidence to show what the latter might be, except the undisputed proof, offered by both sides, that the house and lot here involved were sold for $20,900. This was credible evidence tending to prove that a similar house and lot would bring the same amount, and sufficient evidence upon which the jury could award the sum of $900. The fact that plaintiffs alleged that the house and

lot, which were the subject of the breach were worth $20,000, is not determinative because, as stated before, plaintiffs' actual loss would be the amount they would be required to pay, over and above the price they had agreed on in the breached contract, for similar property on the market. There was no evidence in the record which would support an award of any more than $900 under Instructions 15 and 17.

Evidence submitted at the trial indicated that it would cost the plaintiffs approximately $2,059.50 to build a two-car garage on the premises ultimately purchased. Notably enough, this sum is equal to the amount of the verdict above $900. Under Instructions 15 and 17 the jury could not properly award this amount. The property plaintiffs ultimately purchased was not similar to that which respondent had agreed to convey. Plaintiffs cannot add projected costs of making property similar so as to set up a standard upon which damages can be computed.

The only question remaining to be considered is whether there ▇ is any substantial evidence to support the remainder of the verdict by applying Instructions 15 and 18, that is, the measure of damage statute along with the "peculiar value" definition.

At the outset, it may be well to say that it is doubtful that this is the type of a case where the instruction on "peculiar value" is applicable. Section 17-603, the source of Instruction 18, has never been construed by this court. However, in the decisions which have considered an identical statute, it has been held applicable to cases involving damage to property in which an individual has had an interest or possession, or has made special use thereof, over a period of time, whereby the property has acquired a value which was peculiar to that individual alone, and where a measure of damages based on market value would be manifestly inadequate. See Willard v. Valley Gas & Fuel Co., 171 Cal. 9, 151 Pac. 286; Artists' Embassy v. Hunt, 157 Cal. App. (2d) 371, 320 Pac. (2d) 924.

But whether section 17-603 applies here or not, there is no

234

evidence in the record to show any peculiar value to the plaintiffs in the property of which they were deprived. Plaintiffs did testify to various characteristics of the property which made it desirable to them, both for personal and business reasons. However these characteristics would make the property desirable to many people, and would thus enhance the value of this or similar property on the market. No evidence was offered or admitted to place any cash value on these characteristics. The measure of damages hereinbefore discussed at great length would not result in a manifestly inadequate compensation.

For the reasons stated, the judgment is modified to award $900 only, and as so modified is affirmed.

Each party shall bear their own costs on this appeal.

MR. JUSTICES BOTTOMLY, ADAIR, ANGSTMAN and CASTLES concur.