No. 12492

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

LEE V. WISEMAN and
SHIRLEY WISEMAN,

Plaintiffs and Respondents,

-vs -

ROBERT D. HOLT, and ELIZABETH D. HOLT,

Defendants and Appellants.

---

Appeal from:  District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellants:

Koch and McKenna, Hamilton, Montana
Robert B. Brown argued, Stevensville, Montana

For Respondents:

Garlington, Lohn and Robinson, Missoula, Montana
Gary L. Graham argued, and Sherman V. Lohn appeared,
Missoula, Montana

---

Submitted:  December 3, 1973

Decided:  DEC 2 8 1973

Filed: DEC 2 8 1973

*Thomas J. Kearney*
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

Plaintiffs, Lee and Shirley Wiseman, commenced this suit against defendants, Robert and Elizabeth Holt, seeking damages for breach of contract and tortious injury to personal and real property. Defendants filed a motion to dismiss for failure of the complaint to state a claim upon which relief could be granted. The motion was denied.

Defendants answered, denying damage and counterclaimed for rescission of the agreement and restoration to status quo on grounds of misrepresentation. The case was tried on December 12, 1972, before Hon. Jack L. Green of the fourth judicial district in and for the county of Ravalli, sitting with a jury.

At the close of plaintiffs' case in chief, defendants moved to dismiss plaintiffs' complaint for the reason that the evidence presented by plaintiffs did not sustain the allegation of damages. The motion was denied. The matter was submitted to the jury which returned a verdict in favor of plaintiffs in the sum of $8,000. Defendants made a motion for a new trial which was denied. Judgment was entered for plaintiffs in the sum of $8,000. Defendant appeals from the judgment.

Briefly stated the facts are these: On May 28, 1969, plaintiffs entered into a contract to sell the real property, equipment, good will and franchises of the "Dairy Queen" at Hamilton, Montana to defendants. The contract was escrowed at the Farmers State Bank at Victor, Montana. The contract provided that no waste was to be committed on the premises and that the improvements on the premises would not be removed or destroyed while defendants were in possession. Defendants agreed that the improvements would become the property of the sellers upon default.

- 2 -

In November 1971, defendants began demolishing the "Dairy Queen" structure without first obtaining consent from plaintiffs. Defendants' financing for construction of a new "Dairy Queen" fell through. Defendants informed plaintiffs that if they would reduce the remaining balance on the contract from approximately $35,000 to $20,000 they could purchase the premises and rebuild through bank financing, giving the bank a first mortgage. If this alternative was not acceptable to plaintiffs defendants informed plaintiffs that they were in no position to continue and offered the return of the premises to plaintiffs.

Plaintiffs did not agree to defendants' proposal and retook possession of the premises in March, 1972. Plaintiff, Lee Wiseman, testified that when possession was transferred back that several items of personal property which had been a part of the sale were returned damaged or not returned at all. He further testified as to the cost of repair or replacement of the items.

Defendant on this appeal sets forth five issues:

(1) The trial court erred in failing to dismiss plaintiffs' complaint on the defendants' motion to dismiss for the reason that the complaint failed to state a claim upon which relief can be granted.

(2) In denying defendants' motion to dismiss plaintiffs' complaint at the close of the plaintiffs' case in chief for the reason that plaintiffs failed to show damages were sustained.

(3) In denying defendants' proposed jury instruction No. 5.

(4) That the jury's verdict is not supported by the evidence, and

(5) That the trial court erred in denying defendants' motion for new trial.

Considering defendants' issue No. 1, we find no merit. The record shows that defendants' motion to dismiss was filed on July 28, 1972, and set for hearing on August 4, 1972. No brief was filed in support thereof. The motion was denied in accordance with Rule 4 of the Rules of Practice of the district court of the fourth judicial district, which provides:

> "Upon serving and filing a motion permitted by Rule 12, M.R.Civ.P. or within five (5) days thereafter, the moving party shall serve and file a brief. * * *
>
> "Failure to file briefs within the prescribed time shall subject such motions to summary ruling, and the failure to file a brief by the moving party shall be deemed an admission that, in the opinion of counsel, the motion is without merit * * *." See also Rule No. II, Uniform Rules for District Courts of Montana.

Having failed to file a brief within the prescribed time of the district court rules, defendants admitted that their motion was without merit.

Defendants' remaining issues involve the proper measure and proof of damages. Defendants contend that section 17-307, R.C.M. 1947 is determinative of the extent of damages in the instant case and that an instruction based upon the statute should have been given.

Section 17-307, R.C.M. states:

> "The detriment caused by the breach of an agreement to purchase an estate in real property is deemed to be the excess, if any, of the amount which would have been due to the seller, under the contract, over the value of the property to him."

Defendants' proposed instruction No. 5, which was refused by the district court over objection, reads:

> "You are instructed that the maximum amount of damages that you may award by reason of the breach of the agreement to purchase an estate in real property is the excess, if any, of the amount which would have been due to the Sellers, under the contract, over the value of the property to him."

In addition, defendants contend that plaintiffs did not show damages based upon the formula provided in section 17-307, R.C.M. 1947, and that the verdict is not supported by sufficient evidence for finding damages.

The district court instructed the jury with regard to damages using the language of section 17-301, R.C.M. 1947, which provides:

> "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom."

While this Court has not had the occasion to consider section 17-307, R.C.M. 1947, we have rendered decisions interpreting other sections of Chapter 3, Title 17, R.C.M. 1947.

In Orford v. Topp, 136 Mont. 227, 346 P.2d 566, this Court interpreted section 17-306. We held that the purpose behind the enactment of section 17-306, R.C.M. 1947, is to compensate an aggrieved party for the loss he sustains, and that section 17-301, R.C.M. 1947, is a "clear expression of this purpose."

In Wyatt v. School Dist. No. 104, 148 Mont. 83, 89, 417 P.2d 221, interpreting section 17-303, R.C.M. 1947, after citing Orford we said:

> " * * * In effect, what the court has said is that the statutes are to be regarded as guides in the estimation of damages to be recovered, and that the respondent should receive a sum which, when added to the benefits already received under the contract, will give her an economic status identical to that which she would have enjoyed had the contract been performed." (Citing authority.)

Our holdings illustrate that the statutes on the measure of damages are not exclusive, and that damages in addition to those provided in the statutes are recoverable under section 17-301, R.C.M. 1947. See Royer v. Carter, 37 Cal.2d 544, 233 P.2d 539, 543, where the California court held that when additional

- 5 -

expenses are incurred by the vendor to realize the benefit of his bargain, they may be recovered in addition to those provided for in their section 3307, Cal. Civil Code, § 3307 is identical to section 17-307, R.C.M. 1947.

Defendants' argument and a reading of defendants' proposed instruction No. 5 indicates that defendants interpret section 17-307, R.C.M. 1947, to be mandatory and exclusive, and that if damages are not sustained within the formula enunciated therein, that there can be no recovery of damages. This interpretation simply ignores section 17-301, R.C.M. 1947.

Defendants have made no mention in their argument of the fact that the provision of the contract with which this suit was involved was the waste provision. It was within the contemplation of the parties that the property returned upon retaking of possession would be in good condition and repair. Damages of the nature herein involved were within the reasonable contemplation of the parties at the time the contract was entered into. An instruction based upon section 17-301, R.C.M. 1947 was adequate with respect to these damages. A trial court will not be held in error when it refuses to give an instruction that has been adequately covered in other instructions. State Highway Comm'n v. Manry, 143 Mont. 382, 390 P.2d 97.

Plaintiffs proved their damages through their own testimony. The jury had the necessary evidence before it and in accordance with the district court's proper instructions determined the damages resulting from the breach. For the foregoing reasons the district court committed no error and properly denied defendants' motion for a new trial.

The judgment of the district court is affirmed.

Chief Justice

- 6 -

We concur:

_Gene B. Daly_

_Wesley Castles_

_Frank I. Haswell_

_John Conway Harrison_

Justices