No. 13355

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

RUSSELL C. WHITNEY, JR.,
d/b/a Double 4 Cattle Company,
and Julia S. Whitney, his wife,

        Plaintiffs and Appellants,

-vs-

RICHARD J. BAILS and PATRICIA J.
BAILS, husband and wife,

        Defendants and Respondents.

---

Appeal from:  District Court of the Eighteenth Judicial
              District
              Honorable W. W. Lessley, Judge presiding

Counsel of Record:

    For Appellants:

        Corette, Smith and Dean, Butte, Montana
        Dolphy Pohlman argued, Butte, Montana

    For Respondents:

        Berg, Angel, Andriolo & Morgan, Bozeman, Montana
        Ben E. Berg argued, Bozeman, Montana
        Hibbs, Sweeney and Colberg, Billings, Montana

---

Submitted:  January 10, 1977

Decided: MAR 7 1977

Filed: MAR 7 1977

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

In an action for declaratory judgment the district court, Gallatin County, found plaintiff Whitney entitled to cancellation of two contracts for deed.

The action involved the successive sale of a ranch by contract for deed, with each succeeding contract assuming the prior contracts. Pete Tocci & Son Inc. was the original owner for the purposes of these contracts. In 1969, Tocci sold the ranch to McGregor for $500,000. In March 1971 McGregor sold to Blome for $650,000. In August 1972 Blome sold to Whitney, plaintiff here, for $425,000. In September 1973 Whitney sold to Gar for $740,000. Gar sold to Bails, defendant here, for $750,000 in July 1974.

In December 1974 Bails missed a payment, the basis for default. In April after the contractural notices were served, this action was filed against all parties to all the contracts to determine the rights of the parties.

By stipulation all contracts up to and including Blome to Whitney were found to be in full force. By the same process, Gar was dismissed from the action with prejudice. A trial without jury to determine the rights as between plaintiff and Bails, the last remaining defendant, was had before Hon. W.W. Lessley. His decision is appealed by plaintiff.

The appeal raises two questions:

1) Who owns the crops harvested by Bails during this litigation?

2) What is the measure of damages?

The crops involved are the grain crop, straw crop, and the irrigated seed hay crop. Kester v. Amon, 81 Mont. 1, 9, 261 P. 288, states the rule in Montana:

> "* * * when an occupant of lands plants, cultivates and harvests crops during the term of his occupation, they are his personal property, whether he occupied the land as a purchaser, a tenant, or a mere trespasser holding the land adversely to the real owner, and whether he came into possession of the land lawfully or not, provided he remain in possession until after the crops are harvested."

There could be no fact situation more extreme than that in Kester where the grain was cut after the sheriff, pursuant to a writ of assistance, had taken possession of the land. Hamilton v. Rock, 121 Mont. 245, 191 P.2d 663, states the rule in Kester but found it inapplicable to native grasses and trees which do not owe their existence to the trespasser.

Here, the crops were planted, work was done by Bails or persons paid by him, and harvested long before the court ordered the change in possession. The crops therefore belong, as the court ordered, to defendant Bails.

The second issue concerns the measure of damages.

Section 17-301, R.C.M. 1947, states:

> "Measure of damages for breach of contract. For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things, would be likely to result therefrom." (Emphasis supplied.)

Section 17-307, R.C.M. 1947, sets out the specific measure of damages for breach of an agreement to buy real property:

"Breach of agreement to buy real property. The detriment caused by the breach of an agreement to purchase an estate in real property is deemed to be the excess, if any, of the amount which would have been due to the seller, under the contract, over the value of the property to him."

This express provision was discussed by this Court in Wyatt v. School District No. 104, 148 Mont. 83, 88, 89, 417 P.2d 221. The interpretation of California Civil Code §3307, identical to section 17-307, R.C.M. 1947, was used by analogy to interpret another provision of Chapter 3, Title 17, R.C.M. 1947, on the question of whether the provisions of that section were the exclusive measure of damages. In Wyatt the Court found the sections of title 17 were not exclusive basing its decision in part on Royer v. Carter, 37 Cal.2d 544, 233 P.2d 539, where the California Court said:

"' * * * vendee's breach may make it necessary for the vendor to incur additional expenses to realize the benefit of his bargain. * * * When such additional expenses are the natural consequence of the breach, they may be recovered in addition to those provided for in section 3307.' (Emphasis supplied.)"

This Court then set out the reason for this ruling:

"* * * the statutes are to be regarded as guides in the estimation of damages to be recovered, and that the respondent should receive a sum which, when added to the benefits already received under the contract, will give her an economic status identical to that which she would have enjoyed had the contract been performed."

In Wiseman v. Holt, 163 Mont. 387, 517 P.2d 711, a similar question was raised. In Wiseman the Court again referring to Royer, the California case, found an instruction offered by the defendant was incorrect because it set the maximum damages recoverable to those provided in section 17-307, R.C.M. 1947. The Court explained that the philosophy of contract damages was to allow those damages which would return the damaged party to an economic

- 4 -

status identical to that which would have been enjoyed had the contract been performed and this policy would be violated if certain additional damages were not allowed. We disagree and overrule our holding in Wiseman as to additional damages.

Here, even after deducting the full amount of the alleged damages from the market price at the time of the breach, the seller is substantially better off than he would have been had the contract been performed. The district court made detailed and specific findings to this effect. This result is clearly contemplated by section 17-307:

> "The detriment caused by the breach of an agreement to purchase an estate in real property is deemed to be the excess, if any, of the amount which would have been due to the seller, under the contract, over the value of the property to him." (Emphasis supplied.)

This measure of damages may seem harsh because it does not allow recovery for harm done to the land, but the effect is that the seller of the land gets all he bargained for at the time he irretrievably parted with the land.

Plaintiff argues damages are due because the waste provision of the contract was violated. Plaintiff has a right to the return of the real property only if the contract is breached. The measure of damages for the breach of a contract for the sale of real property is that set out in section 17-307, R.C.M. 1947. The damage done may be used, as it was here, to reduce the market value of the land but it may not be used, as urged here, to allow damages where none would be due under the statutory measure.

The judgment of the district court is affirmed.

_____
                Justice.

- 5 -

We concur:

_____
Chief Justice

_____

_____

_____
Justices.