GLADYS HOVLAND, Plaintiff and Respondent, *v.* SCHOOL
DISTRICT NO. 52, a Public Corporation, Defendant and
Appellant.

No. 9418.
Submitted May 28, 1954. Decided October 21, 1954.
Rehearing Denied January 11, 1955.
278 Pac. (2d) 211.

Mr. Henry I. Grant, Co. Atty., and Mr. M. L. Parcells, Deputy Co. Atty., Columbus, for appellant.

Mr. Franklin S. Longan and Mr. Robert L. Jones, Billings, for respondent.

Mr. Grant and Mr. Parcells argued orally.

MR. JUSTICE FREEBOURN:

This is an action by plaintiff, Gladys Hovland, a teacher in the Absarokee high school, against school district No. 52 of Stillwater County, Montana, for salary lost by her alleged wrongful discharge in violation of her teacher's contract by the school board of such school district, after unsuccessful appeals to the county superintendent of schools and the superintendent of public instruction. A jury which tried the issues returned a verdict in her favor in the amount of $2,053.34. From a judgment rendered on such verdict the defendant school district appealed.

The teacher's contract between plaintiff and defendant dated August 28, 1948, in part provides:

"In consideration of the benefits occurring hereunder to the respective parties to this agreement and their covenants as hereinafter contained, it is hereby agreed as follows, to-wit:

"(1) That the teacher is hereby employed to teach, as and where assigned, in the schools of the District for and during the school year beginning on or about the 7th day of September, 1948, and thereafter continuing for a period of not less than one hundred and seventy-five nor more than one hundred and eighty-five teaching days;

"(2) That this contract and the rights and the obligations of

the parties thereunder shall be governed by the laws of the State of Montana, and by the rules and regulations adopted by the Board of Trustees of the District, which are made a part hereof by reference;

"(3) That the compensation of the teacher for the full period of service provided for herein shall be the sum of $2800.00 payable in 9 equal monthly installments, commencing upon the Friday prior to the opening of school. * * *"

Plaintiff was discharged on November 15, 1948.

The trial judge, without objection, properly gave the jury instruction No. 10, which is as follows:

"You are instructed that our statutes [R. C. M. 1947, sec. 75-2411] give a school board the right and power to discharge a teacher for only the following causes:

"(1) Immorality, (2) Incompetence, (3) Unfitness, (4) Violation of rules.

"And, therefore, if you find from a preponderance of the evidence that the school board dismissed the plaintiff on any ground than those listed above, then you must find that the school board breached its contract with the plaintiff."

The "rules," a violation of which gives the school board the right and power to discharge, are the rules referred to in the teacher's contract, viz., "rules and regulations adopted by the Board of Trustees of the District, which are made a part hereof by reference."

The defendant school board attempted to justify the discharge of plaintiff upon but one ground set out in instruction No. 10, a violation of a rule or rules, not of the school board, but of the superintendent of the high school, and it was neither alleged nor proven that such rules of the superintendent were part of "the rules and regulations adopted by the Board of Trustees of the District, which are made a part" of the teacher's contract.

The answer of the defendant and the evidence adduced thereunder show that plaintiff was discharged because of "written charges against plaintiff to the board of trustees of said defendant school district" made by Virgil T. Carmichael, school

superintendent. These charges were made in a letter dated November 8, 1948, addressed to the school trustees of school district No. 52. In part it states:

"Dear Trustees: I recommend that you discharge Mrs. Gladys M. Hovland from the position of teacher in Absarokee High School for lack of cooperation with the Superintendent of the Absarokee Schools.

"Following are some instances of lack of cooperation. From the first day of school she began complaining about the way the high school was run and has never failed to complain about many things. She just started in to complain the first day about taking her turn staying at noon hour one week each month as requested by the superintendent. Since which time she has complained about something at most teachers' meetings. * * *"

The letter, which takes up five pages of the transcript, continues throughout in much the same vein.

The testimony of school trustee Campbell, the only school trustee to testify, shows that plaintiff was discharged because of "non-cooperation charged by V. T. Carmichael" or "lack of cooperation" with such Carmichael.

A reading of the entire record leads to but one conclusion and that is: Plaintiff was discharged solely for alleged lack of cooperation or non-cooperation with the said superintendent of schools, in failing to obey certain rules he laid down.

Since the teacher's contract did not provide that plaintiff could be discharged for failure to cooperate with such superintendent of schools, and it was not shown "by the rules and regulations adopted by the Board of Trustees of the District, which are made a part" of the teacher's contract, that failure to so cooperate constituted a ground for such discharge, the school board's act in discharging plaintiff was an arbitrary one and constituted a violation of said teacher's contract.

Under the evidence and the instructions of the court, the jury properly brought in its verdict in favor of the plaintiff.

For the reasons stated the judgment of the district court is affirmed.

MR. JUSTICES BOTTOMLY, ANGSTMAN, and ANDER-
SON, concur.

MR. CHIEF JUSTICE ADAIR: (specially concurring).

No public school official or board is above the laws of this
state. None is clothed with arbitrary powers. All are answerable
to the people and their laws. The dismissal of the teacher, Gladys
Hovland, was in violation of her express contract with the dis-
trict. It was brought about by the arbitrary action of the school
superintendent.

Arbitrary action is un-American on any theory. There is noth-
ing in the law which supports the arbitrary dismissal of a teach-
er. Neither the trustees nor the school superintendent may ca-
priciously exercise arbitrary powers of dismissal in violation of
a teacher's contract rights.

Here the wronged teacher exhausted the remedies available to
her under the school code. Failing to obtain justice she next took
her controversy to the courts. There a district court jury heard
the entire controversy and then gave her a verdict upon which
was entered a money judgment. The verdict and judgment were
just and proper under the facts in this case and I concur in their
affirmance.