No. 13323

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

WESLEY A. LINDGREN,

Petitioner and Appellant,

-vs-

BOARD OF TRUSTEES, HIGH SCHOOL
DISTRICT NO. 1, FERGUS COUNTY, and
DOLORES COLBURG, SUPERINTENDENT OF
PUBLIC INSTRUCTION,

Respondents and Respondents.

Appeal from:  District Court of the First Judicial District,
Honorable Peter Meloy, Judge presiding.

Counsel of Record:

For Appellant:

McKittrick and Duffy, Great Falls, Montana
D. Patrick McKittrick argued, Great Falls, Montana

For Respondents:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Smith, Smith and Sewell, Helena, Montana
Chadwick H. Smith argued, Helena, Montana

Submitted:  October 20, 1976

Decided:  DEC 22 1976

Filed:  DEC 22 1976

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment of the district court, Lewis and Clark County. The judgment affirmed a decision of the Supreintendent of Public Instruction, upholding the decision of the County Superintendent of Schools, Fergus County, in the matter of the dismissal of Wesley A. Lindgren by the Board of Trustees of School District No. 1, Fergus County.

Appellant was employed as an industrial arts and math teacher at Fergus County High School. He had had teaching contracts with Fergus County School District No. 1 for fourteen consecutive years and was a tenure teacher. On April 2, 1973, the Board of Trustees of School District No. 1, hereinafter referred to as the Trustees, offered appellant a contract to teach for the 1973-74 school year; he signed and returned the contract on April 30, 1973.

On April 14, 1973, appellant was arrested and charged with the violations of driving while under the influence of intoxicating liquor (third offense) and driving without a valid driver's license. He plead guilty to these charges. Imposition of sentence was deferred for one year upon condition that appellant complete the Alcohol Rehabilitation and Treatment Program at the state hospital at Galen and thereafter regularly attend meetings of Alcoholics Anonymous for a period of one year. These conditions were satisfied and on March 7, 1975 appellant was allowed to withdraw his guilty plea and the charges were dismissed.

On August 13, 1973 the Trustees resolved that a letter of dismissal be sent to appellant based upon his being "convicted" for driving while under the influence of intoxicating liquor and driving without a valid driver's license. A letter of dismissal and notification of hearing was dispatched to appellant by the chairman of the Board of Trustees.

The Trustees convened on August 27, 1973, and appellant appeared and submitted to the Trustees a proposal asking them to consider a written agreement which would allow him to continue teaching. This hearing was recessed until August 29, 1973. When the parties failed to reach an agreement at the second hearing, the Trustees moved that a hearing be held on September 4, 1973.

On August 31, 1973, the chairman of the Trustees addressed a letter to appellant amending the grounds for appellant's dismissal, listing additional basis for dismissal, and offering appellant additional time for preparation to meet the new charges. The Trustees convened on September 4, 1973, and upon motion adopted and ratified the amended and consolidated notice for dismissal.

Appellant appeared before the Trustees on September 4, 1973, and objected to the amended letter of dismissal. He demanded that hearing be based upon the initial letter of dismissal dated August 15, 1973. Appellant withdrew from the hearing when the Trustees indicated the hearing would be based upon the charges contained in the amended letter of dismissal. Subsequent to appellant's withdrawal, the Trustees resolved that appellant was dismissed, based upon charges contained in the amended letter of dismissal.

Appellant appealed his dismissal to the County Superintendent of Schools and requested a determination limiting the scope of the hearing. The County Superintendent of Schools ordered the scope of the hearing to include those charges set forth in the amended letter of dismissal and set the hearing for September 21, 1973.

On September 18, 1973, appellant petitioned the district court, Fergus County, for a writ of prohibition, writ of mandate

- 3 -

or other appropriate writ restraining the County Superintendent of Schools from proceeding to hearing on the charges. The district court issued, and subsequently dismissed, an alternative writ of mandate and prohibition directed to the County Superintendent of Schools and the Trustees.

Appellant petitioned this Court for a writ of supervisory control on September 26, 1973, and asked that the district court order dismissing the alternative writ be overruled. This Court dismissed the petition, Lindgren v. District Court, 162 Mont. 548, 514 P.2d 767.

The County Superintendent of Schools heard appellant's appeal on October 2, 1974, and affirmed the Trustees' decision to dismiss appellant.

Appellant appealed to the State Superintendent of Public Instruction who entered a decision holding there was substantial evidence supporting the findings of the County Superintendent of Schools based upon the amended letter of dismissal. The district court of Lewis and Clark County affirmed the decision of the State Superintendent of Schools and from that final judgment Lindgren appeals and presents two issues for review:

1. Did the Board of Trustees of High School District No. 1, Fergus County, dismiss appellant in accordance with the laws of the State of Montana?

2. Was there substantial evidence on the record to support the finding appellant was incompetent and unfit to teach under his 1973-74 school contract?

The first allegation of error concerns the procedural manner in which appellant was dismissed from his teaching duties. Section 75-6107, R.C.M. 1947, sets forth the applicable law in Montana pertaining to the dismissal of a teacher under contract:

> "The trustees of any district may dismiss a
> teacher before the expiration of his employment

- 4 -

contract for immorality, unfitness, incompetence, or violation of the adopted policies of such trustees. Any teacher who has been dismissed may in writing within ten (10) days appeal such dismissal to the county superintendent; following such appeal a hearing shall be held within ten (10) days. If the county superintendent, after a hearing, determines that the dismissal by the trustees was made without good cause, he shall order the trustees to reinstate such teacher and to compensate such teacher at his contract amount for the time lost during the pending of the appeal."

Section 75-5930, R.C.M. 1947, provides in pertinent part:

"No business shall be transacted by the trustees of a district unless it is transacted at a regular meeting or a properly called special meeting."

See: Wyatt v. School District No. 104, 148 Mont. 83, 417 P.2d 221.

It is appellant's contention the Trustees' act of dismissal is legally ineffective. He reaches this conclusion by construing the Trustees' initial letter of dismissal in combination with the amended and consolidated letter of dismissal as a single notice to dismiss. Appellant argues that section 75-5930, R.C.M. 1947, requires that the amended letter of dismissal "be transacted at a regular meeting or property called special meeting" of the Trustees. Appellant concludes the attempt to discharge him is void since the amended letter of dismissal was merely adopted and ratified by the Trustees rather than being transacted at the meeting. We find this argument without merit.

The initial letter of dismissal notified appellant he was dismissed and that his services would not be used during the 1973-74 school year. This initial letter based appellant's dismissal on these grounds:

" * * * This action is taken because of your conviction on July 16, 1973 for driving while under the influence of intoxicating liquor, third conviction, and driving without a valid driver's license. In addition these facts place you in violation of section 75-6108, R.C.M. 1947, as amended which requires that 'any teacher under contract with a district shall: conform to and enforce the laws * * *.'"

Our initial discussion concerns the basis upon which the trustees determined appellant should be dismissed. In the district court record we find the minutes of the August 13, 1973 Trustees' regular meeting. In these minutes appears this subtitle:

> "LETTER OF DISMISSAL TO BE SENT TEACHER:
> Trustee Swift moved seconded by Trustee Tresch
> that a letter of dismissal be forwarded to Wesley
> Lindgren, teacher in Fergus High School, because
> of a D.W.I. and driving without a valid license
> and conviction on both counts. The motion
> carried."

We conclude from this record that on August 13, 1973 at a regular meeting of the Trustees, it was resolved that appellant be dismissed from his 1973-74 teaching duties on the basis of appellant's above mentioned violations.

Next, we determine whether the basis for dismissal utilized by the Trustees is legally sufficient for dismissal. Under section 75-6107, R.C.M. 1947, the dismissal of a teacher under contract requires a showing of immorality, unfitness, incompetence, or violation of the adopted policies of the Trustees. The initial letter of dismissal failed to substantiate any causal relationship between appellant's violations and his performance of teaching duties. This Court does not find, as a matter of law, that violations for driving under the influence of intoxicating liquor and driving without a valid driver's license are tantamount to "immorality, unfitness, incompetence, or violation of the adopted policies of such trustees." Absent such showing, the discharge of appellant amounted to a breach of contract. Hovland v. School Dist. No. 52, 128 Mont. 507, 278 P.2d 211.

Respondent Trustees contend appellant's dismissal should be upheld based upon the amended and consolidated letter of dismissal which states:

> "Since charges were initially brought against
> Mr. Lindgren, additional information has come

to the board. For this reason, amended and consolidated notice for dismissal is given.

"The causes are: 'immorality, unfitness, incompetence, and failure to conform to and enforce the laws * * *.' (See sections 75-6107 and 75-6108, Revised Codes of Montana.) These causes grow out of Mr. Lindgren's arrest for DWI and driving without a valid Montana driver's license on April 14, 1973 and his conviction thereupon on July 16, 1973. In addition, the charges stem from Mr. Lindgren's performance as a teacher in his school, particularly as to his poor relationship with students, his lack of willingness to make adequate plan preparation, his failure to accept responsibility in the school, his lack of interest in the students, his failure to maintain adequate class supervision and discipline, his poor example to students, his failure to convey skills possessed by him to his students as he should, his failure to take proper care of the classroom and the property placed in his charge, and his arrival at school in a disheveled appearance, smelling of alcoholic beverages."

Respondents argue the clear and unequivocal ratification of the amended and consolidated letter of dismissal is proper. Furthermore, they contend appellant was not prejudiced by the amended notice of dismissal. Respondents cite the holding of the district court as authority for the proposition that "so long as there is notice and opportunity for hearing the Board can amend its charges for dismissal prior to hearing as was done here". We do not agree.

The additional charges alleged in the amended and consolidated letter of dismissal are derived from information which was available to the trustees at the time of the drafting of the initial letter of dismissal and at the time the Trustees accepted a new contract of employment for the 1973-74 year on April 30, 1973. This Court has already concluded the initial letter of dismissal did not establish legally adequate grounds for dismissal. To recognize the amended letter of dismissal as adequate in law would amount to submitting appellant to the burden of establishing the invalidity of charges propounded

for the purpose of remedying legally inadequate charges. The Court concludes appellant incurred substantial legal prejudice when required to meet these additional charges.

In view of our determination of appellant's first issue, further discussion regarding the sufficiency of the evidence is unnecessary.

The judgment of the district court is reversed and the cause remanded for the determination of emoluments due appellant pursuant to statute and case authority.

_____
                            Justice

We concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. Jack Green, sitting in
place of Mr. Justice Wesley
Castles.